UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO RAY CHILDS,

              Petitioner,                 Case No. 23-cv-10864

       v.                               Hon. George Caram Steeh

JEFF TANNER,[1]

              Respondent.

_____/

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Mario Ray Childs, ("Petitioner"), incarcerated at the Macomb County Correctional Facility in New Haven, Michigan, filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his state conviction for second-degree murder, Mich. Comp. Laws § 750.317. Petitioner was sentenced to forty to seventy years in prison. Petitioner raises a prosecutorial misconduct claim, an instructional error claim, and several ineffective assistance of trial counsel claims. The State argues in an

---

[1]The Court orders that the caption in this case be amended to reflect that the proper respondent in this case is now Jeff Tanner, the warden of the prison where petitioner is currently incarcerated. *See Edwards Johns,* 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006); *See also* Rule 2(a), 28 foll. U.S.C. § 2254.

answer to the petition that the claims are procedurally defaulted and/or

without merit. For the reasons stated below, the petition for a writ of habeas

corpus is DENIED.

## I. Background

Petitioner was convicted following a jury trial in the Wayne County

Circuit Court. This Court recites verbatim the relevant facts relied upon by

the Michigan Court of Appeals, which are presumed correct on habeas

review pursuant to 28 U.S.C. § 2254(e)(1). *See e.g. Wagner v. Smith,* 581

F.3d 410, 413 (6th Cir. 2009):

> Childs's convictions arise from the fatal stabbing of Cedric
> Swanigan in their adult foster home in Detroit on March 3,
> 2019. Earlier in the day, Childs gave Swanigan money to
> purchase alcohol and cigarettes. Believing that Swanigan failed
> to give him the $30 in change from the purchases, Childs
> confronted Swanigan, who denied having the money. The two
> men argued, and, eventually, while no other tenants were
> present, Swanigan was stabbed with a knife that had been on
> Childs's dresser. The prosecution's theory was that Childs was
> the aggressor, possessed the knife, and stabbed Swanigan
> because he was angry. At trial, and in a statement that he gave
> to the police, Childs stated that he acted in self-defense. He
> explained that Swanigan grabbed the knife off the dresser and
> tried to stab him. Childs stated that he was in fear for his life, so
> he twisted Swanigan's wrist and turned the knife blade toward
> Swanigan, which caused the blade to go into Swanigan's
> abdomen. The jury rejected the self-defense claim and
> convicted Childs of second-degree murder.

*People v. Childs*, No. 354401, 2022 WL 726786, at *1 (Mich. Ct. App.
Mar. 10, 2022), *lv. den.* 981 N.W.2d 474 (Mich. 2022).

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA), imposes the following standard of

review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person
> in custody pursuant to the judgment of a State court shall not
> be granted with respect to any claim that was adjudicated on
> the merits in State court proceedings unless the adjudication of
> the claim
>
> > (1)    resulted in a decision that was contrary to, or
> > involved an unreasonable application of, clearly
> > established Federal law, as determined by the
> > Supreme Court of the United States; or
> >
> > (2)    resulted in a decision that was based on an
> > unreasonable determination of the facts in light of
> > the evidence presented in the State court
> > proceeding.

A decision of a state court is "contrary to" clearly established federal

law if the state court arrives at a conclusion opposite to that reached by the

Supreme Court on a question of law or if the state court decides a case

differently than the Supreme Court has on a set of materially

indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

An "unreasonable application" occurs when "a state court decision

unreasonably applies the law of [the Supreme Court] to the facts of a

prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ

simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Michigan Court of Appeals rejected petitioner's prosecutorial misconduct and instructional error claims under a plain error standard because the issues were unpreserved.  The AEDPA deference applies to any underlying plain-error analysis of a procedurally defaulted claim. *See Stewart v. Trierweiler*, 867 F.3d 633, 638(6th Cir. 2017).[2]

### III.  Discussion

### A. The prosecutorial misconduct/ineffective assistance of counsel claims.

Petitioner alleges prosecutorial misconduct and that counsel was ineffective for failing to object.

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004)(citing *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003)). A

---

[2]Respondent argues that these claims are procedurally defaulted because petitioner failed to preserve the issues at the trial court level.  Petitioner argues that counsel was ineffective for failing to object. Ineffective assistance of counsel may establish cause for procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000).  Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of petitioner's defaulted claims, it would be easier to consider the merits of these claims. *See Cameron v. Birkett,* 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004).

prosecutor's improper comments will be held to violate a criminal
defendant's constitutional rights only if they "'so infected the trial with
unfairness as to make the resulting conviction a denial of due process.'"
*Darden v. Wainwright*, 477 U.S. 168, 181 (1986)(quoting *Donnelly v.
DeChristoforo*, 416 U.S. 637, 643 (1974)).  Prosecutorial misconduct will
thus form the basis for habeas relief only if the conduct was so egregious
as to render the entire trial fundamentally unfair based on the totality of the
circumstances. *Donnelly v. DeChristoforo*, 416 U.S. at 643-45. To obtain
habeas relief on a prosecutorial misconduct claim, a habeas petitioner must
show that the state court's rejection of his prosecutorial misconduct claim
"was so lacking in justification that there was an error well understood and
comprehended in existing law beyond any possibility for fairminded
disagreement." *Parker v. Matthews*, 567 U.S. 37, 48 (2012)(internal
quotation omitted).

To prevail on his ineffective assistance of counsel claims, petitioner
must show that the state court's conclusion regarding these claims was
contrary to, or an unreasonable application of, *Strickland v. Washington*,
466 U.S. 668 (1984). *See Knowles v. Mirzayance*, 556 U.S. 111, 123
(2009).  *Strickland* established a two-prong test for claims of ineffective
assistance of counsel: the petitioner must show (1) that counsel's

performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.[3]

Petitioner contends that the prosecutor injected facts that had not been introduced into evidence by stating during her closing argument that the small cuts and scrapes that were seen on Swanigan's hands in the photographs were "defensive wounds." Petitioner argues that these remarks were misleading because there was no evidence that the knife caused those wounds and the medical examiner never testified that the victim had any wounds on his hands.

In rejecting the claim, the Michigan Court of Appeals indicated that the photographs of Swanigan's hands, which were admitted at trial, showed small cuts on his hands. *People v. Childs*, 2022 WL 726786, at *1. Thus, "there were some type of abrasions on Swanigan's hands." *Id.* Petitioner was shown photographs of Swanigan's hands during cross-examination, and, when asked if he knew how the victim received the scrapes and blood on his hands, petitioner replied: "Because he was holding the knife." *Id.* Petitioner, however, later testified that he "didn't know how [Swanigan] was holding the knife but it was in his hand," and he believed that the victim was

---

[3]The Court will not repeat the *Strickland* standard when addressing the ineffective assistance of counsel claim raised by petitioner in his second claim.

holding the knife by the handle and not the blade. *Id.*

The Michigan Court of Appeals concluded that although there was no direct evidence that the victim received the abrasions on his hands while trying to defend himself, the evidence supported a reasonable inference that the abrasions were caused by the victim's hands coming into contact with the serrated blade of the knife. The inference from the evidence that the wounds were defensive wounds related to the prosecutor's theory that petitioner possessed the knife and was not acting in self-defense when he stabbed Swanigan. *People v. Childs*, 2022 WL 726786, at *1.

In a footnote, the Michigan Court of Appeals also indicated:

Childs directs this Court to the medical examiner's testimony that, other than the fatal stab wound to his abdomen, Swanigan had "no other injuries." On the basis of this testimony, Childs asserts that the prosecutor's argument regarding defensive wounds "was rejected" by the medical examiner. However, the medical examiner explained her role as a pathologist, and it was apparent that the aim of her testimony was to reveal the cause of death. Regardless, as noted above, the photographs depicting the injuries to Swanigan's hands were admitted at trial. Thus, notwithstanding the medical examiner's testimony— which the jury was free to believe or disbelieve—there was a factual basis for the prosecutor's argument.

*Id.*, at *1, fn. 2.

Misrepresenting facts in evidence by a prosecutor can amount to substantial error because doing so "may profoundly impress a jury and may

have a significant impact on the jury's deliberations." *Washington v. Hofbauer,* 228 F.3d 689, 700 (6th Cir. 2000)(quoting *Donnelly v. DeChristoforo*, 416 U.S. at 646). Likewise, it is improper for a prosecutor during opening or closing arguments to bring to the jury any purported facts which have not been, or will not be, introduced into evidence and which are prejudicial. *Byrd v. Collins*, 209 F.3d 486, 535 (6th Cir. 2000). However, prosecutors must be given leeway to argue reasonable inferences from the evidence. *Id.*

The prosecutor's remarks were not improper because they were based on reasonable inferences from the evidence presented at trial. Additionally, any prosecutorial misconduct in attempting to inject facts that had not been introduced into evidence was also ameliorated by the trial court's instruction that the lawyers' statements and arguments were not evidence. (ECF No. 9-11, PageID.859). *See Hamblin v. Mitchell*, 354 F.3d 482, 495 (6th Cir. 2003). Because the remarks about the wounds on the victim's hands being defensive were based on reasonable inferences from the evidence, counsel was not ineffective for failing to object. *Compare Stermer v. Warren*, 959 F.3d 704, 737-38 (6th Cir. 2020).

Petitioner next contends that the prosecutor committed misconduct by admitting a video recording of petitioner after he had been detained in

the back seat of a police vehicle following his arrest. In the video, petitioner

makes a number of unsolicited comments, such as "I just get locked up and

die, whatever," "If the n**** don't die he should die," "I'm a killa baby

[indiscernible] pull it out and I'll kill you," who "don't like most people baby. I

tolerate 'em. I [indiscernible] joke. I'll kill you", "You deserve to die," "I

stabbed him, I'm a killer, a true killer," and other similar comments. (ECF

No. 1, PageID.37-38). Petitioner argues that his statements were irrelevant,

prejudicial, and inadmissible under M.R.E. 404(b), the rule prohibiting the

admission of "other acts" evidence.

Although F.R.E. 404(b) and its state counterpart M.R.E. 404(b)

generally prohibit a prosecutor from introducing evidence of a defendant's

prior or other bad acts, the United States Supreme Court has never held

that the federal constitution forbids a prosecutor from doing so, thus the

rejection of petitioner's prosecutorial misconduct claim by the Michigan

courts would not entitle petitioner to habeas relief. *See Wagner v. Klee*, 620

F. App'x 375, 378 (6th Cir. 2015).

The Michigan Court of Appeals concluded that petitioner's unsolicited

remarks in the police vehicle were relevant and admissible to establish

petitioner's state of mind at the time of the stabbing "which was directly

relevant to the prosecution's theory of the case and weakened Childs's

theory of self-defense." *People v. Childs*, 2022 WL 726786, at *2. The Michigan Court of Appeals further concluded that the evidence was not unduly prejudicial, because the evidence "was not offered for a character purpose and it was highly probative to the issue of whether Childs had been acting in self-defense when he stabbed Swanigan." *Id.*

A prosecutor does not commit misconduct by introducing evidence that is admissible under state law. *See Dufresne v. Palmer*, 876 F.3d 248, 261 (6th Cir. 2017). Moreover, a prosecutor "does not commit misconduct by asking questions [or making comments] that elicit inadmissible evidence." *Id.*, (quoting *Key v. Rapelje,* 634 F. App'x 141, 148 (6th Cir. 2015)). The prosecutor did not commit misconduct by introducing this evidence.

Although petitioner alleges prosecutorial misconduct, his claim "amounts in the end to a challenge to the trial court's decision to allow the introduction of this evidence." *Webb v. Mitchell*, 586 F.3d 383, 397 (6th Cir. 2009). "A prosecutor may rely in good faith on evidentiary rulings made by the state trial judge and make arguments in reliance on those rulings." *Cristini v. McKee*, 526 F.3d 888, 900 (6th Cir. 2008)(prosecutor did not engage in misconduct by commenting on defendant's prior assaultive conduct in his opening and closing arguments, where trial court had

previously ruled that such bad acts were relevant to establish the identity of the perpetrator). The trial judge found that this evidence was relevant and admissible.

The Michigan Court of Appeals determined that the video evidence of petitioner's comments from inside the police vehicle following his arrest were admissible under Michigan law. This Court must defer to that determination in resolving petitioner's related ineffective assistance of counsel claim. *See Brooks v. Anderson*, 292 F. App'x 431, 437-38 (6th Cir. 2008). Because this Court "cannot logically grant the writ based on ineffective assistance of counsel without determining that the state court erred in its interpretation of its own law," this Court is constrained to reject petitioner's ineffective assistance of trial counsel claim. *See Davis v. Straub*, 430 F.3d 281, 291 (6th Cir. 2005).

As a related claim, petitioner argues that that his lawyer was ineffective for failing to object to the admission of five prosecution exhibits that were extracted segments from the approximate one-hour video recording. Petitioner claims that his attorney should have objected because the exhibits were unduly cumulative, lacked any probative value, and should have been excluded under MRE 403.

In rejecting this claim, the Michigan Court of Appeals indicated that after the video recording was admitted, the prosecutor told the judge that the five additional exhibits "are just different segments so that we don't have to watch the whole hour and a half of the backseat video." Petitioner's counsel had no objection, because the video recording was already an admitted exhibit. The Michigan Court of Appeals found that the prosecutor was not required to play the recording in its entirety.  The Michigan Court of Appeals then concluded that in light of the following, it would have been futile for counsel to object. *People v. Childs*, 2022 WL 726786, at *3. This Court agrees that trial counsel was not ineffective for failing to raise a futile objection, as these exhibits would almost certainly have been admitted. *See U.S. v. Johnson*, 9 F. App'x 373, 374 (6th Cir. 2001)(citing *McQueen v. Scroggy*, 99 F.3d 1302, 1328 (6th Cir. 1996)).

Petitioner next claims that his attorney was ineffective when she falsely suggested that petitioner did not immediately come forward and say that he acted in self-defense and was further ineffective for failing to introduce petitioner's comments from the patrol car video recording to show that petitioner came forward immediately with his self-defense story.

The Michigan Court of Appeals rejected petitioner's claim, concluding that defense counsel reasonably could have chosen not to present

evidence from the patrol car recording because petitioner's comments were damaging and "were not as supportive" as petitioner argued. *People v. Childs*, 2022 WL 726786, at *3. The Michigan Court of Appeals further found that defense counsel made a strategic decision to attempt to distance petitioner from responsibility for any of his remarks, arguing, for example: "Everything he says after is after the crack cocaine is infiltrating his system. He says awful things. But he's not on trial for saying awful things. He's not on trial for being mad, ornery, calm, being shocked, he's not on trial for any of those things." *Id.* The Michigan Court of Appeals observed that defense counsel chose to focus on the fact that petitioner made a statement to the police, in which he claimed self-defense, only hours after the incident, as soon as he was interviewed by the police. *Id.* The Michigan Court of Appeals concluded that counsel's decision to rely on petitioner's statement to the police, as opposed to the patrol car recording, was objectively reasonable because that was when petitioner "came forward" and talked to the police, as opposed to his comments in the patrol car, where he seemed to be talking to himself and had not been interrogated by the police. *Id.* The Michigan Court of Appeals found that petitioner's allegation that his lawyer made a "false" argument about when he came forward was "misplaced." *Id.*

Although the right to the effective assistance of counsel extends to closing arguments, an attorney "has wide latitude in deciding how best to represent a client, and deference to counsel's tactical decisions in his closing presentation is particularly important because of the broad range of legitimate defense strategy at that stage." *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003).

The Michigan Court of Appeals reasonably concluded that defense counsel did not falsely suggest that petitioner did not immediately come forward and inform law enforcement that he acted in self-defense. Petitioner's statements in the police vehicle were spontaneous and not made in response to police questioning. Petitioner did tell the police during his subsequent interrogation that he stabbed the victim in self-defense. Counsel emphasized in her closing argument that petitioner did inform the police that he acted in self-defense when he was interviewed by the police following his arrest, which was the first time petitioner was questioned about his version of events. Moreover, counsel was not ineffective in failing to introduce petitioner's statements from the patrol vehicle to bolster his self-defense claim in light of the various damaging statements petitioner made in the patrol vehicle that seemed to rebut his self-defense claim. *See e.g. West v. Berghuis*, 716 F. App'x 493, 497 (6th Cir. 2017)(defense

counsel's advice to petitioner to plead guilty to second-degree murder charge was not ineffective assistance; although some of two witnesses' statements could have provided support for petitioner's self-defense theory, all statements also contained damaging information that would have weakened or contradicted the self-defense claim).

Petitioner next claims that the prosecutor committed misconduct by attempting to impeach petitioner with his prior conviction without filing the proper notice and seeking a ruling from the judge that petitioner's prior conviction was admissible under M.R.E. 609.  Petitioner's counsel objected to the question and following a bench conference, the prosecutor struck the question.  Petitioner never answered the question. *People v. Childs*, 2022 WL 726786, at *4.  Petitioner was not deprived of a fair trial, in light of the fact that petitioner never answered the prosecutor's question. *See Knapp v. White,* 296 F. Supp. 2d 766, 777-78 (E.D. Mich. 2003).  Moreover, because counsel did, in fact, object to the prosecutor's question, petitioner's related ineffective assistance of trial counsel claim is without merit. *See e.g. Durr v. Mitchell,* 487 F.3d 423, 440 (6th Cir. 2007).

Petitioner finally contends that he is entitled to habeas relief because of the cumulative effect of the prosecutorial misconduct and the ineffective assistance of counsel.

Petitioner is not entitled to habeas relief on his cumulative prosecutorial misconduct claim because "[a] review of the prosecutor's arguments and questioning in the aggregate in no way supports the conclusion that [petitioner] was denied due process." *Cleveland v. Bradshaw*, 65 F. Supp. 3d 499, 537 (N.D. Ohio 2014). Likewise, the individual claims of ineffectiveness alleged by petitioner are all essentially meritless. Petitioner cannot show that the cumulative errors of his counsel amounted to ineffective assistance of counsel. *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000).  Petitioner is not entitled to relief on his first claim.

### B. The jury instruction/ineffective assistance of counsel claim.

Petitioner next argues that he was denied due process because the jury instructions given on self-defense were inadequate or incomplete. Although the judge gave the jurors the instruction on the use of deadly force in self-defense, M. Crim. JI 7.15, and the burden of proof when self-defense is claimed, M. Crim. JI 7.20, petitioner argues that the judge erred by failing to also give M. Crim. JI 7.16(2), no duty to retreat, and M. Crim. JI 7.16a(1)(a), the rebuttable presumption regarding fear of death or great bodily harm if the decedent is committing a home invasion or break-in.

Alternatively, petitioner argues that trial counsel was ineffective for failing to request these instructions.

The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack upon the constitutional validity of a state court conviction is even greater than the showing required in a direct appeal.  The question in such a collateral proceeding is whether the ailing instruction so infected the entire trial that the resulting conviction violates due process, not merely whether the instruction is undesirable, erroneous, or even "universally condemned," and an omission or incomplete instruction is less likely to be prejudicial than a misstatement of the law. *Henderson v. Kibbee*, 431 U.S. 145, 154-155 (1977).

M. Crim. JI 7.16(2) provides that a person is not required to retreat prior to using deadly force in self-defense if he is attacked in his own home.

The Michigan Court of Appeals held that petitioner was not entitled to an instruction that he had no duty to retreat because the stabbing did not occur in his room. *People v. Childs*, 2022 WL 726786, at *5. The Michigan Court of Appeals noted that there was no evidence that the victim threatened or attacked petitioner with the knife while petitioner was in his bedroom. Contrary to what petitioner claimed on appeal, he did not testify that the victim attacked him or threatened him with serious bodily harm

- 17 -

while in the bedroom. *Id.* Instead, petitioner repeatedly testified that he was in the hallway when the victim "came at" him with the knife. Petitioner explained that after the argument about money in his bedroom, where neither man threatened or physically touched the other, petitioner exited his bedroom into the hallway, and he was still in the hallway when the victim approached him with the knife.  Petitioner testified that he walked out of his room, away from Swanigan, because he "didn't wanna hear no more," not because he had been threatened or was in fear. *Id.* The Michigan Court of Appeals also found that Stevens, who was sitting in petitioner's room at the time of the stabbing, testified that the men were in the hallway and that she was in petitioner's room alone. *Id.* The Michigan Court of Appeals concluded that petitioner's and Stevens's testimony showed that the victim did not attack petitioner while he was within the "curtilage" of his bedroom, thus, "there was no factual dispute regarding whether Childs had a duty to retreat, and, thus, M. Crim. JI 7.16(2) was not applicable." *Id.*

When the evidence at a habeas petitioner's trial does not support a particular jury instruction, based upon a state court's interpretation and application of state law, any alleged error based on that particular jury instruction is not cognizable in federal habeas review unless the failure to give the instruction amounts to a fundamental miscarriage of justice.

*Bowling v. Parker,* 138 F. Supp. 2d 821, 906 (E.D. Ky. 2001).  "Due

process does not require that a defendant be permitted to present any

defense he chooses. Rather, states are allowed to define the elements of,

and defenses to, state crimes." *See Lakin v. Stine*, 80 F. App'x 368, 373

(6th Cir. 2003)(citing *Apprendi v. New Jersey*, 530 U.S. 466, 484-87 (2000);

*McMillan v. Pennsylvania*, 477 U.S. 79, 84-86, (1986)).

Petitioner is not entitled to habeas relief on his claim because under

Michigan law, he was not entitled to the instruction that he had no duty to

retreat before employing deadly force because he was not in a home or

dwelling when he stabbed Mr. Swanigan. *Compare Berrier v. Egeler*, 583

F.2d 515, 518 (6th Cir. 1978)(in prosecution for first-degree murder, in

which testimony showed that petitioner was in his own home when he killed

the victim, petitioner was entitled to habeas relief when the judge failed to

instruct the jury that a person in his own home has no duty of retreat).

Petitioner further claims that the court erred in failing to give the jurors

the M. Crim. JI 7.16a(1)(a) instruction, which states that there is a

rebuttable presumption that the defendant was in fear of death or great

bodily harm if the victim was in the process of committing a home invasion

or break-in at the time that the defendant employed deadly force. The

Michigan Court of Appeals rejected this claim, because there was no

evidence the victim was committing a home invasion when the stabbing occurred, since he was stabbed by petitioner in the hallway. *People v. Childs*, 2022 WL 726786, at *6. Petitioner is not entitled to habeas relief because the Michigan Court of Appeals determined that the evidence did not support the giving of the M. Crim. JI 7.16a1(a) instruction, where there was no testimony that the victim had broken into petitioner's room. *See e.g. Head v. Christiansen,* No. 22-1876, 2023 WL 2682578, *2-3 (6th Cir. Jan. 27, 2023)(court's failure to give the portion of M. Crim. JI 7.16a instruction that there is a rebuttable presumption of fear where the decedent is forcibly removing the defendant from his motor vehicle did not entitle petitioner to habeas relief where there was no evidence that the victim was trying to remove the petitioner from his car at the time of the murder).

The Court rejects the related ineffective assistance of counsel claim. Because the giving of M. Crim. JI 7.16(2) and M. Crim. JI 7.16a(1)(a) was inappropriate under state law, counsel was not ineffective for failing to request either instruction. *See Strayhorn v. Booker*, 718 F. Supp. 2d 846, 870 (E.D. Mich. 2010)(internal citations omitted). Petitioner is not entitled to habeas relief on his second claim.

## IV.  Conclusion

The Court will deny the petition for a writ of habeas corpus.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he failed to make a substantial showing of the denial of a federal constitutional right. *Myers v. Straub,* 159 F. Supp.

2d 621, 629 (E.D. Mich. 2001). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

According, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE**.  It is further ORDERED that a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**.

s/George Caram Steeh
HON. GEORGE CARAM STEEH
UNITED STATES DISTRICT COURT JUDGE

Dated January 31, 2024

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record
on January 31, 2024, by electronic and/or ordinary mail
and also on Mario Ray Childs #132248, Macomb
Correctional Facility, 34625 26 Mile Road,
Lenox Township, MI 48048.

s/LaShawn Saulsberry
Deputy Clerk